# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

AUSTIN JAY BURNS,
ADC #551922                                                                 PLAINTIFF

V.                           5:17CV00223 JLH/JTR

KENDRICK R. AVERY,
Lieutenant, Cummins Unit, ADC, et al.                                       DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Austin Jay Burns ("Burns") is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants Lieutenant Kedrick R. Avery ("Avery"), Captain Kenneth Wayne Starks ("Starks"), and Warden Budnik ("Budnik"), while acting in both their individual an official capacites, violated his constitutional rights. *Docs. 2 & 5.* Before Burns may proceed with action, the Court must screen his allegations.[1]

## II. Discussion

### A. Burns's Official Capacity Claims

The doctrine of sovereign immunity bars Burns from obtaining monetary damages from Defendants Avery, Starks, and Budnik for their actions in their official capacities. *See Zajrael v. Harmon*, 677 F.3d. 353, 355 (8th Cir. 2012); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). Because Burns does not seek injunctive relief against these Defendants, his official capacity claims against them for monetary damages should be dismissed, without prejudice.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B.     Burns's Individual Capacity Claims

#### 1.     Excessive Force Claim

Burns alleges that, on April 11, 2017, Avery used excessive force when he sprayed him with a chemical agent and deployed a stinger grenade in his cell.

The Court concludes, *for screening purposes only*, that Burns has pled a viable § 1983 excessive force claim against Avery. Thus, the Court recommends that service be ordered on Avery.

#### 2.     Inadequate Nutrition Claim

Burns alleges that, from April 11 to 18, 2017, Avery, Budnik, and Stark violated his constitutional rights by only feeding him meal substitute bars that did not provide adequate nutrition and caused him to lose weight.

The Court concludes, *for screening purposes only*, that Burns has pled a viable § 1983 inadequate nutrition claim against Avery, Budnik, and Stark. Thus, the Court recommends that service also be ordered on Budnik and Stark.

#### 3.     Due Process Claim

Burns alleges that Avery, Budnik, and Stark violated his due process rights by placing him on behavior control for three days pending his disciplinary hearing. After the disciplinary hearing, Burns alleges he was found not guilty of the charges.

A prisoner has a right to procedural due process in disciplinary proceedings only if he has a liberty interest at stake during those proceedings. *Sandin v. Conner*,

515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that prisoners do *not* have a liberty interest in avoiding the temporary confinement in administrative or punitive segregation because the conditions there do not impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 482-86; *see also Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*). Nothing in the Complaint or Amended Complaint suggest that the conditions Burns endured for three days, while he was on behavior control status, caused him to suffer an "atypical and significant hardship."

Thus, the Court concludes that Burns has failed to plead a viable § 1983 due process claim, and recommends that this claim be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Burns be allowed to PROCEED with his excessive force and inadequate nutrition claims against Avery, Budnik, and Starks, in their individual capacities only.

2. Service be ordered on Avery, Budnik, and Starks.

3. All other claims raised in the Complaint and Amended Complaint be DISMISSED, WITHOUT PREJUDICE.

4

4.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 13th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE