UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AUSTIN JAY BURNS                                            PLAINTIFF

5:17CV00223-JLH-JTR

KENDRICK R. AVERY                                       DEFENDANT

**PLAINTIFF'S PRETRIAL ISSUES**

For his Pretrial Disclosures, Plaintiff, Austin Jay Burns, by and through undersigned counsel, sets forth the following:

1. **The identity of the party submitting information:**

Mark F. Hampton, attorney for Austin Jay Burns

2. **The names, addresses and telephone numbers of all counsel for the Plaintiff:**

Mark F. Hampton, Arkansas Bar No. 85066
1122 West Capitol Avenue
Little Rock, Arkansas  72201
(501) 376-6277

3. **A brief summary of claims and relief sought:**

One claim issue remains in this case:  Plaintiff Burns claims that on April 11, 2017, that Defendant Kedrick Avery used excessive force against him, when he deployed a second round of pepper-spray while extracting Plaintiff and his cellmate from their cell.  Defendant Avery denies the allegations against hm.

Plaintiff Burns seeks compensatory damages.

4. **Prospects for settlement:**

The parties have not discussed settlement options; however, at this time, Plaintiff Burns does not anticipate this matter settling.

5. **The basis for jurisdiction or objections to jurisdictions:**

This Court has jurisdiction over the present action pursuant to 42 U.S.C. § 1983.

6. **A list of pending motions:**

No motions are currently pending.

7. **A concise summary of facts:**

Austin Burns, ADC # 551922, is currently an inmate with the Arkansas Department of Corrections. On April 11, 2017, Austin Burns was housed in administrative segregation at Cummins Unit for assaulting an inmate. At no point, has Burns admitted to having a history of assaulting prison guards; however, he does admit to assaulting other inmates. At that time Kedrick Avery was a lieutenant for the ADC at the Cummins Unit. On April 11, 2017, several officers reported that the inmates in cell East 15, which was Burns' cell, had thrown urine on them (referred to as "dashing"). After learning about the other guards having urine thrown on them by the inmates in cell East 15, Lt. Avery went to the cell and he too had urine thrown on him. Then, Lt. Avery assembled a team to extract Burns and his cellmate from their cell.

Before the guards arrived at this cell, Burns had placed the mat from his bed at the back of the cell and hunkered down behind it and waited for the guards to arrive. A copy of the video of the cell extraction of Burns is filed under seal. The video shows that a mat had been placed on the bars of the cell prior to the guards arriving at the cell. Lt. Avery tells Burns and Phillips multiple times to come forward to be cuffed or he will deploy pepper spray into the cell. Burns admits that he refused to "catch the cuffs" (meaning to come to the cell door so the inmate can be placed in handcuffs). After Burns and Phillips refuse to come forward, Lt. Avery deploys the pepper-spray into the cell. The video shows that Burns and Phillips continued to hide behind the mat for approximately twenty seconds and the two inmates refuse to come forward to be cuffed.

Lt. Avery again tells Burns and Phillips to step forward to be handcuffed. A flash grenade is then deployed into the cell. Burns testified that he and Inmate Phillips continued to refuse to be cuffed and continued to barricade themselves behind the mat even after pepper-spray was deployed into their cell, which Austin Burns admits to the reason that Lt. Avery used the flash grenade. Eventually, Burns comes to the front of the cell, and Lt. Avery tells him to strip down.

On this type of cell extraction, before an inmate can be handcuffed, the inmate is required to strip down naked and squat and cough in order to check that the inmate is not hiding anything dangerous in his buttocks, which Burns was unaware of <u>not</u> having been extracted from his cell before. Lt. Avery and the other offices tell Burns multiple times to strip down. Burns testified at his disposition and the video shows that Lt. Avery told him roughly 10 times to strip down before Lt. Avery deployed a second burst of pepper spray. Lt. Avery stops other guards from cuffing Burns and Phillips twice and then Lt. Avery deploys a second burst of pepper spray directly to the backs of both inmates. Burns admits that he was not complying with Lt. Avery's orders because he could not understand them. After the second burst of pepper spray, Burns complied with Lt. Avery's order to strip down and eventually he squats and coughs. At that point, Burns is told to put his underwear back on which had to be repeated several times due to comprehension issues. Once Burns had his underwear back on, he was then handcuffed. After Inmate Phillips squatted, coughed, and had is underwear back on, he too was handcuffed. Once both inmates were cuffed the cell door was opened and both men were taken to the showers. As a result of the incident, Lt. Avery charged Burns with violating the following prison rules: 4-4 Battery – Use of Force on Staff; 4-7 Throwing/Ejecting of Bodily Fluids/Excrement Striking a Person; 5-3 Assault – Verbal or Written Threat; 12-3 Failure to Obey Order of Staff; and 12-4 Refusing a Direct Verbal Order. However, Burns was found not guilty of all charges except 12-

4. Burns testified that his only physical injury was a burning sensation on his back, which stopped after about three days.

**8.     All proposed stipulations:**

Plaintiff Burns will stipulate to each of the facts listed in section no. 7 above.

**9.     Issues of fact expected to be contested:**

Whether the facts alleged in Plaintiff Burns' complaint are true.

**10.    Issues of law expected to be contested:**

   A.     Whether Defendant Avery violated Plaintiff' Burns, constitutional rights on April 11, 2017, while extracting him from his cell.

   B.     Whether Plaintiff Burns is entitled to damages.

**11.    A list of brief description of all exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits that the Plaintiff expects to offer and those that the party may offer.**

   A. Excerpts from Defendant Avery's personnel file; and

   B. Any exhibit offered by Defendant Avery.

**12.    The names, addresses, and telephone numbers of witnesses for the Plaintiff, separately identifying witnesses whom the Plaintiff expects to present and those whom the Plaintiff may call. Designation of witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

   A. All witnesses named by the Defendant Avery, and

   B. Rebuttal witnesses (if applicable).

**13.    The current status of discovery, a precise statement of the remaining discovery, and an estimate of the time required to complete discovery.**

   The discovery cutoff has passed.

**14.     An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff Burns anticipates this trial will take 1 – 2 days.

Respectfully submitted,

Mark F. Hampton
Arkansas Bar No. 85066
Attorney for Defendant
1122 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 376-6277
(501) 376-6279 fax
MarkFHampton@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which shall send notification of such filing to the following:

Vincent France
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas  72201
vincent.france@arkansasag.gov

Mark F. Hampton
Arkansas Bar No. 85066
Attorney for Defendant
1122 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 376-0277
(501) 376-6279 fax
MarkFHampton@aol.com